## MAUMEE VALLEY HAMPSHIRE FARMS, INC et v SCHOONMAKER

Ohio Appeals, 6th Dist, Lucas Co

No 3001. Decided Jan 28, 1935

Stickney & Nathanson for plaintiffs.

Ralph W. Doty, Director of Law, Toledo, and Clarence A. Irwin, Assistant Director of Law, Toledo, for defendants Schoonmaker and Wolfe.

H. S. Topper, Toledo, for defendant Culp.

## OPINION

By OVERMYER, J.

This is an appeal from a decree entered in the Court of Common Pleas in favor of the defendants, and was submitted to this court on the pleadings and the depositions of two witnesses, viz: defendant Schoonmaker and Russell M. Fudge, of plaintiff company, and briefs of counsel. No tran-

script was furnished of the evidence in the court below.

In its amended petition the plaintiff seeks an injunction to prevent the defendant Schoonmaker, as Director of Public Service of the City of Toledo, from carrying out an alleged threat to revoke a certain permit held by the plaintiff to collect garbage in said city, which permit plaintiff claims had been issued to it by a former Director of Public Service. Said amended petition alleges that the defendant Schoonmaker, as Director of Public Service, has the power and discretion to revoke said permit, but that for the reasons set forth in said amended petition, if he revokes the permit of the plaintiff it will be an abuse of said power and discretion and will be done by him arbitrarily and for political purposes.

The city ordinance of the City of Toledo governing the collection of garbage is No. 6074, §7 of which provides as follows:

"That no person or persons, unless under permission as hereinafter provided, shall remove, transport or carry through the streets, alleys and other public ways of the City, any table and kitchen waste, offal, or dead animals. The Director of Public Service is hereby authorized to grant permission to any person, firm or corporation for the purpose of collecting and removing table and kitchen waste, offal and dead animals. For this collection and removal of such refuse and waste, however, the person, firm or corporation so authorized shall provide for each wagon or truck a cover which in the judgment of the Director of Public Service is sufficient to prevent the spilling of such refuse and waste and the escape of obnoxious odors therefrom. To the Director of Public Service is given the right to rescind at any time permit when in his judgment it will be to the interest and welfare of the City to do so."

It will be noted that this section vests in the Director of Public Service "the right to rescind at any time permit when in his judgment it will be to the interest and welfare of the City to do so." The depositions in evidence show without dispute that such permit as plaintiff held was issued by a former Director of Service and was an oral one and not in writing, and that no record of same appeared in the office of the Director of Service.

Provisions similar to §7 above, vesting power, authority and discretion in the Director of Public Service in the matter of granting and revoking permits to use the streets for the collection of garbage, have been held not to be a delegation of legislative power and that the same are constitutional.

Yutze v Copelan, Chief of Police of Cincinnati, 17 Oh Ap, 461;

Yee Bow v Cleveland, 99 Oh St, 269;

Ohio ex Moock v Cincinnati, 120 Oh St, 500, 506, and cases cited on page 509.

It is clearly the law that where authority or discretion is vested by law or by an ordinance in an officer as set forth in the ordinance above quoted, the exercise of that authority and discretion will not be interfered with by the courts except where there is a gross abuse thereof, or in case of fraud or collusion. In §7 of the Ordinance the power is vested in the Director of Public Service to revoke or rescind a permit "when in his judgment it will be to the interest and welfare of the City to do so," and of course that means in the exercise of reasonable judgment.

We have read the testimony fully as presented in the depositions, which is all the evidence before us, and we must hold that there is no evidence which would warrant this court in finding an abuse of discretion on the part of the defendant Schoonmaker, as Director of Public Service, in view of the discretion vested in him by the ordinance, and especially when we consider the fact that this petition asks for rather anomalous relief. In effect, it is a request to enjoin an officer from exercising discretion. We are not asked to enjoin him from awarding a permit to some other person, but we are asked to enjoin him from revoking a permit he never issued. If any was issued to plaintiff, it was issued by a former Director of Public Service. The present Director of Public Service has not yet refused to issue plaintiff a permit, and it can scarcely be claimed that he could be compelled by writ of mandamus to do so if he refused. He would no doubt be within his rights under the ordinance, if he revoked all permits and issued new ones to whomsoever he saw fit, so long as he exercised a reasonable judgment in so doing. If this injunction were allowed, it would have the effect of a writ of mandamus and would place a judicial restraint upon his discretion before he had begun to exercise it.

The prayer of plaintiff's amended petition must be denied, the temporary injunction dissolved and the amended petition dismissed.

RICHARDS and LLOYD, JJ, concur.